# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| WILLIAM GEORGE DUFRIES, | ) |
| | ) |
| Petitioner, | ) |
| vs. | )   NO.  CIV-09-0177-HE |
| | ) |
| GREG PROVINCE, Warden, | ) |
| | ) |
| Respondent. | ) |

## ORDER

Petitioner William George Dufries, a state prisoner represented by counsel, filed this action under 28 U.S.C. § 2254 seeking federal habeas relief from his state court convictions. Consistent with 28 U.S.C. § 636(b)(1)(B) and (C), the matter was referred for initial proceedings to Magistrate Judge Bana Roberts, who has recommended that the petition be denied.

The petitioner was convicted by a jury for trafficking a controlled dangerous substance, marijuana, in the amount of 25 pounds or more, and he was sentenced to life imprisonment without the possibility of parole and was fined $50,000. The Oklahoma Court of Criminal Appeals ("OCCA") affirmed his conviction on appeal and also affirmed the trial court's denial of petitioner's application for post-conviction relief.

Petitioner asserts seven grounds for relief in his habeas petition. In a thorough Report and Recommendation, the magistrate judge rejected the petitioner's claims that he received ineffective assistance of appellate counsel; that under the Fourth Amendment, the evidence obtained from the search of his RV should have been suppressed; that his sentence was improperly enhanced because the prosecution failed to prove beyond a reasonable doubt that

petitioner's prior federal convictions constituted felonies in Oklahoma; that petitioner was deprived of a fundamentally fair trial when the trial court denied his request for a jury instruction on the lesser-included offense of possession with intent to distribute; that his sentence of life without the possibility of parole for trafficking in drugs is excessive and amounts to cruel and unusual punishment in violation fo the Oklahoma Constitution and the Eighth and Fourteenth Amendments to the United States Constitution; that he received ineffective assistance of trial counsel; and that cumulative error deprived him of a fundamentally fair trial.

The petitioner has filed an objection challenging the magistrate judge's conclusions relating to all his claims, except he did not object to her determination that petitioner's Fourth Amendment claim regarding an alleged illegal search of his RV was barred from consideration under Stone v. Powell, 428 U.S. 465, 494-95 (1976). As to that claim, petitioner has waived his right to appellate review of the factual and legal issues addressed. United States v. One Parcel of Real Property, 73 F.3d 1057, 1059-60 (10th Cir. 1996). *See* 28 U.S.C. § 636(b)(1)(C); LcvR 72.1.

The court has reviewed the court file, including the petition, supporting brief and objection in conducting its *de novo* review and agrees with Magistrate Judge Robert's analysis of the petitioner's claims.[1] The court **ADOPTS** her Report and Recommendation,

---

[1]The standard of review for the petitioner's claims established by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") is narrow. As recognized by the Supreme Court, "AEDPA limited rather than expanded the availability of habeas relief." Fry v. Pliler, 551 U.S. 112, 119 (2007).

2

and **DENIES** the petition for writ of habeas corpus.

    **IT IS SO ORDERED**.

    Dated this 17th day of May, 2011.

JOE HEATON
UNITED STATES DISTRICT JUDGE